CRIM (BAILEY v.). See Case No. 734.

CRISCUOLA (MARTIN v.). See Case No. 9,-159.

## Case No. 3,392.

### CRISP et al. v. PROUD.

[4 Hughes, 57;[1] 24 Int. Rev. Rec. 340.]

Circuit Court, D. Maryland. Oct. 19, 1878.

RETAIL SALES BY CIGAR MANUFACTURER.

1. A manufacturer of cigars cannot, even though he has paid the special tax required to be paid by retail dealers in cigars, sell cigars at retail at the place of manufacture.

2. By complying with section 3387, Rev. St., and designating a place as a cigar factory, the manufacturer has dedicated it to that purpose and can only use it under the restrictions prescribed by law with regard to it; among those restrictions is the one (section 3397) that no cigars can be removed from any place where cigars are made without being packed in boxes as required by law.

3. In this connection section 3236, allowing more than one business to be carried on in the same place, must be construed to mean any other business which does not render it impossible for the manufacturer to comply with the law respecting cigar factories. It cannot be held to work a repeal of those provisions which congress considered necessary restrictions upon the use of the place as a cigar factory.

Bill [by Joseph Crisp and others against Robert M. Proud, United States collector of internal revenue for the district of Maryland] to restrain the collector from making seizures.

BOND, Circuit Judge. This is a bill filed by Joseph Crisp and others alleging that they are cigar manufacturers in the city of Baltimore, and are engaged in selling the same at retail at the place of manufacture, together with manufactured tobacco, pipes and smoking conveniences. It charges that while engaged in this business the collector of internal revenue for this district, R. M. Proud, seized and carried away their goods as forfeit to the United States because, as the collector claims, the complainants have no right to manufacture cigars and sell them at retail at the place of manufacture. The bill prays that the collector may be enjoined from making any further seizures of complainants' property and from selling that he has already taken. Whether we should grant the prayer of the bill or refuse it depends upon the answer we must give to the question whether or not the retail of cigars at the place of their manufacture is forbidden by statute. This is the gist of the matter in controversy between the parties. It has been well said by counsel for the complainants that unless the statutes of the United States prohibit a cigar manufacturer from retailing the cigars of his making, he has the natural right to do so at any place whatever. We must find in the statutes something to prohibit this class of persons from doing in this particular place what every other person has the right to do with his wares wherever he may be.

To become a cigar manufacturer the person must first comply with section 3387, Rev. St. This section prescribes, among other formalities, that he shall under oath set forth a description of the place of his manufacture, and the number of the street where it is located, and it requires him to give bond that he will comply with all the laws respecting the manufacture of cigars. When the intended manufacturer has complied with the provisions of this section, has located and de-

[1] [Reported by Robt. M. Hughes, Esq.]

scribed the place of his proposed operations, and has given the required bond, he has dedicated that particular place or portion of his premises it may be, to such uses under all the statutory limitations the national legislature has thrown around it and encumbered it with. He must put up a sign where it can be distinctly seen, a sign whose letters are three or more inches long, giving his full name and business. The sign must be either painted or gilded. To cut it in stone or scratch it on glass, as other citizens may do, is forbidden to him. Section 3388. He must allow no tobacco to go into this place without recording its weight or quantity in a book kept for that purpose. This particular place so set apart by the owner cannot be used as he may use his other estate. The moment the incipient manufacturer calls it his factory it is dedicated to that purpose, and it is deprived of many of the uses which its possession gave to its owner prior to its designation as a cigar factory. Among other things strictly prohibited in this place now so set apart is, that the manufacturer shall neither sell nor deliver or offer for sale in this place cigars in any other form than in boxes properly stamped containing not less than twenty-five cigars to the box. To this each manufacturer agrees when he gives his bond. Unquestionably this is a strict prohibition of the sale and delivery of cigars by retail in this particular place.

But section 3397 expressly forfeits to the United States all cigars which are removed from a manufactory not in boxes containing the prescribed numbers properly stamped, and punishes as a felon the party removing them. Unless, then, we can find a statute that removes the disabilities of the manufacturer in this dedicated place, he cannot retail cigars there. The party who purchased and removed them would be a felon and the manufacturer who sold them would forfeit his bond. There are two sections which are supposed to afford this relief. Section 3235 provides that no special tax shall be required of any manufacturer for the sale of his manufactured product at the place of manufacture. The construction of this section must plainly be that no tax shall be imposed upon him for selling his cigars in the way prescribed by law. He has been prohibited from allowing any of his manufactured articles to leave his factory except in stamped boxes containing not less than twenty-five cigars. He is allowed to sell without paying a special tax, provided he can comply with this requirement. And section 3236 prescribes that the manufacturer of cigars may carry on any other business he is disposed to engage in at his manufactory by paying the tax on the new business. The argument is that the retailing of cigars is a new business, and that by paying the special tax he may carry that on in his factory also. But it seems to me that this permission is given to him qua manufacturer, and that the section must be construed with

that which places the disabilities upon the place of cigar making. It means that he may carry on any other business there which does not interfere with his solemn obligations to obey the law respecting cigar factories. It is not a repeal of those sections above referred to which make it necessary that he should record daily in a book the quantity of tobacco which enters the factory and prohibit any cigars from being thence removed unless in boxes containing not less than twenty-five cigars each. It would, it seems to me, be annulling a statute rather than construing it, to say that after congress had provided with the utmost care how a certain business might be carried on in a particular, designated place, and then gave the party a right to conduct any other business he pleased there, that by the last act congress meant to abolish all the restrictions placed around the first employment. It is a much fairer view of the meaning of these sections to understand them as providing that the cigar manufacturer may carry on any other business in his factory not inconsistent with his obligation already assumed as a cigar manufacturer. To retail cigars in his factory would violate all such obligations, and would destroy the place as a cigar manufactory as known to the law, which is a place laboring under the disabilities and conducted with regard to the provisions of section 3387. It is not necessary with these views to discuss the power of the commissioner of internal revenue under section 3396. The prayer for permanent injunction is refused and the bill dismissed with cost.